BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**ETHAN D. KNIGHT, OSB #992984**
**GEOFFREY A. BARROW**
**CRAIG J. GABRIEL, OSB #012571**
**PAMALA R. HOLSINGER, OSB #892638**
Assistant United States Attorneys
ethan.knight@usdoj.gov
geoffrey.barrow@usdoj.gov
craig.gabriel@usdoj.gov
pamala.holsinger@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:16-CR-00051-BR |
| v. | |
| **AMMON BUNDY, et al.,** | GOVERNMENT'S RESPONSE TO RESPONDENT HUNT'S MEMORANDUM OF LAW (#2077) |
| **Defendants,** | |
| **GARY HUNT,** | |
| Respondent. | |

The United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, through Ethan D. Knight, Geoffrey A. Barrow, Craig J. Gabriel, and Pamala R. Holsinger, Assistant United States Attorneys, hereby responds to Gary Hunt's Memorandum of Law regarding jurisdictional issues (ECF No. 2077).

## I. Background

On February 16, 2017, this Court granted the government's Motion for an Order to Show Cause (#1788) and issued an Order to Show Cause (#1901) to Hunt. In that Order the Court directed Hunt to appear either in person or by telephone at a show-cause hearing on March 10, 2017, at 1:00 p.m. in the District Court for the District of Oregon. The Order also directed Hunt to file a memorandum no later than March 3, 2017, in response to the Order to Show Cause. On March 10, 2017, the Court convened the show-cause hearing. Hunt failed to appear for the hearing, did not file any memorandum as directed, and did not contact the Court. On March 10, 2017, this Court issued a Sealed Order Granting Government's Request for Arrest Warrant as to Gary Hunt and Order Sealing Arrest Warrant (#2017, later unsealed by Order #2051). The Arrest Warrant was issued in order to bring Hunt before the Court for his failure to appear for the show-cause hearing and to adjudicate civil contempt proceedings for violation of the Court's Protective Order (#342) and Supplement to Protective Order (#1692).

On March 31, 2017, United States Marshals arrested Respondent Gary Hunt in the Eastern District of California. Hunt appeared before the Magistrate and was detained pending forthwith transport to the District of Oregon. On April 6, 2017, this Court held a hearing on whether Hunt should continue to be detained given the delay in transport by U.S. Marshals. Hunt appeared by phone with four attorneys assisting, three in Oregon and one in California. This Court released Hunt on conditions that he appear in the District of Oregon on May 9, 2017, at 2:00 p.m. The Court indicated it would adjudicate Respondent Gary Hunt's response to the Court's Order (#1901) in two stages. The Court will first address Respondent Gary Hunt's challenge to the Court's jurisdiction. If the Court determines it has jurisdiction to continue to

**Government's Response to Respondent Hunt's Memorandum of Law**                                **Page 2**

consider the merits of the government's arguments in support of finding Hunt in contempt for violating the Protective Order, the Court will set an additional briefing schedule and another hearing will be set.

## II.     Legal Argument

This Court has authority and jurisdiction over Respondent Gary Hunt to enforce its own orders.   In his Memorandum of Law Respondent Gary Hunt relies on cases that discuss personal jurisdiction in ordinary civil cases.    Those cases discussing *in personam* jurisdiction do not apply here.    If the United States had instituted a tort or contract proceeding against Hunt, the cases would be relevant.    Because this case involves a collateral civil contempt proceeding that arises from a distinct criminal case, jurisdiction is governed by Rule 4 and this Court's inherent authority.    The district court has authority to issue an arrest warrant for civil contempt under Fed. R. Civ. P. 4.1, and the U.S. Marshal has authority to execute that warrant under 28 U.S.C. § 566.    Moreover, commentary to Rule 4.1 states that contempt proceedings—both civil and criminal—"must be brought in the court that was allegedly defied by a contumacious act . . . even if the offensive conduct or inaction occurred outside the district."

This Court's authority to effectuate its own orders extends beyond the usual reach of this Court's subpoena power to the entire country.    For example, when a party transferred assets to a non-party in violation of a court order, the non-parties who resided outside of the district court's jurisdiction (in Texas) were nevertheless subject to that court's jurisdiction (in Mississippi); indeed, enforcement of the injunction "must occur in the issuing court's jurisdiction because contempt is an affront to the court issuing the order."    *Waffenschmidt v. McKay*, 763 F.3d 711, 721 (5th Cir. 1985); *see also Static Control Components, Inc. v. Darkprint Imaging*, 201 FRD

**Government's Response to Respondent Hunt's Memorandum of Law**                              **Page 3**

431, 433-34 (M.D.N.C. 2001) (rejecting argument that to enforce discovery order, party had to file motion in non-party's judicial district); *Platinum Air Charters, LLC v. Aviation Ventures, Inc.*, No. 2:05-cv-01451-RCJ-LRL, 2007 WL 121674, at *3 (D. Nev. Jan. 10, 2007) (same).

The Orders being violated by Gary Hunt were issued by this Court in the District of Oregon and they are properly enforced by this Court in the District of Oregon. *Myers v. United States*, 264 U.S. 95, 101 (1924). The Supreme Court in *Myers* held that venue is only proper where the court rendered the decree sought to be enforced. *Id*. "By disobeying the order, plaintiff in error defied an authority which that tribunal was required to vindicate." *Id*. at 104. The Court explained that contempt is technically neither civil nor criminal but "sui generis," as it falls within "the power inherent in all courts to enforce obedience, something they must possess in order to properly perform their functions." *Id*. at 103; *see also United States v. Twentieth Century Fox Film Corp.*, 882 F.2d 656, 666 (2d Cir. 1989) (holding that district court in S.D.N.Y. properly exercised authority to impose contempt sanctions against employee who violated decree in Minnesota and Illinois); *Steers v. United States*, 297 F. 116, 118 (8th Cir. 1924) (reversing district court that held contempt proceedings in a division different than the division that issued the injunction).

The Honorable Owen M. Panner here in the District of Oregon addressed a similar circumstance involving jurisdiction of a contemptor in *In Re Alpha Telcom, Inc.*, CV 01-1283-PA. That case involved an SEC action to enjoin the sale of unregistered securities. A witness (Ernest Bustos who purported to "intervene") refused to produce documents in response to a court order. After repeated warnings from the court and opportunities to cure, the court entered a civil contempt order and directed the U.S. Marshal to arrest Bustos in the Western District of

Texas, where Bustos lived.  (*See* attached order dated July 1, 2009).   The court relied on its "inherent powers, including the authority to protect the integrity" of its proceeding.  *Id*. at Ex. A, 5.

Bustos attempted to challenge Judge Panner's jurisdiction before the court in Texas and he was unsuccessful.  *In Re Bustos*, No. SA–09–MC–704–XR, 2009 WL 2901181 (W.D. Tex. Sept. 1, 2009).   The Texas court acknowledge that Judge Panner had jurisdiction, citing 18 U.S.C. § 401(3).   It questioned whether it had jurisdiction, and it refused to entertain any of Bustos's arguments, deferring to the court in Oregon:   "Accordingly, to the extent that this court has jurisdiction to entertain the pending motions, this Court defers and finds that these matters are more appropriately considered by the District Court of Oregon or the Ninth Circuit." *Id*. at *1.

Thus, although Hunt claims that it would be more convenient and cost effective for him to litigate his contempt of this Court's Orders in the Eastern District of California, it is questionable whether that court could do so, and highly improbable that it would do so.   The Orders that Hunt has violated (and that he continues to violate) were issued by this Court to protect discovery exchanged between the parties.   No court in the Eastern District of California will be familiar with the facts of the Bundy case, the reasons for this Court's entry of a Protective Order, or the important interests sought to be protected by the Order.

Moreover, because discovery protected by this Court's Protective Order was specially stamped, there is no question that the materials Hunt has posted are subject to the Protective Order.   Regardless of how he obtained them or precisely who on the defense team he obtained them from, the fact remains that the materials he has posted on his website are the same materials

**Government's Response to Respondent Hunt's Memorandum of Law**                              **Page 5**

the government produced to the defense under the terms of this Court's Protective Order.[1]  And any question about the scope of the Court's Protective Order and whether it applies to Hunt were laid to rest when this Court entered its Supplemental Order making that point plain.

## III.    Conclusion

Rule 4 recognizes that this Court has the superior interest in seeking to enforce its own orders and that it is the only appropriate forum for doing so.   Hunt can relieve himself of any cost or logistical burden by simply complying with the Court's Orders.   What he cannot and should not be permitted to do is defy this Court's Orders and then claim he lives beyond the Court's power.   If he wishes to attack the legality of this Court's Protective Order, he should have to make that challenge head-on just as any other media outlet would have to do to legitimately raise a public access claim.   The Court should find that it has jurisdiction and set a briefing schedule for Hunt to show cause why he should not be held in contempt.

Respectfully submitted this 1st day of May 2017.

> BILLY J. WILLIAMS
> United States Attorney
>
> *s/ Pamala R. Holsinger*
> ETHAN D. KNIGHT, OSB #992984
> GEOFFREY A. BARROW
> CRAIG J. GABRIEL, OSB #012571
> PAMALA R. HOLSINGER, OSB #892638
> Assistant United States Attorneys

---

[1]  Although it is unclear how this argument addresses jurisdiction, Hunt's argument that this Court cannot order him to remove the protected discovery materials from his website because the government has not identified the principal who gave him the documents, his theory fails. Provided the evidence establishes a violation of this Court's Protective Order, the government need not prove the identity of the principal.  *See United States v. Clark*, 980 F.2d 1143, 1146 (8th Cir. 1992) (holding that government need not identify principal to sustain an aiding and abetting conviction).   The document stamps appearing on Hunt's website clearly reveal the unlawful source traces back to this Court's Protective Order.